# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

WILLIAM DEMLER,

       *Plaintiff*,

v.                         **Case No. 4:19cv94-MW/GRJ**

MARK S. INCH, in his official
capacity as Secretary of the
Florida Department of Corrections,

       *Defendant.*

_____/

## ORDER DENYING MOTION TO INTERVENE

Plaintiff is suing Defendant for declaratory and injunctive relief regarding a Florida Department of Corrections ("FDOC") policy involving the taking of digital media from inmates. *See* ECF No. 1. In doing so, Plaintiff asks this Court to certify a class described as follows: "All FDOC prisoners whose digital media files were taken, or will be taken, pursuant to the Multimedia Tablet Program." *Id.* at 19. Plaintiff is not seeking monetary damages. *See id.* at 25–26.

Edward J. Bellinger, a *former* FDOC inmate who alleges that digital media was taken from him pursuant to the same policy at issue in this case, now moves to join as a plaintiff. ECF No. 9.

1

Mr. Bellinger's stated purpose in joining is to ask for monetary damages. *See id.* at 1 ("Plaintiff demands judgment against Defendant for all monies spent on digital media as relief for Defendant's theft.").

Initially, this Court notes that Mr. Bellinger's motion is not well taken. Only a party may move for joinder.[1] *Arrow v. Gambler's Supply Inc.*, 55 F.3d 407, 409 (8th Cir. 1995); *Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994). Regardless, Mr. Bellinger does not meet the conditions for required joinder under Rule 19. *Cf.* Fed. R. Civ. P. 19(a)(1). Nor does he seem to qualify for permissive joinder under Rule 20. *Cf.* Fed. R. Civ. P. 20(a)(1). Accordingly, this Court will treat Mr. Bellinger's motion as a motion to intervene. *Cf., e.g., Arrow*, 55 F.3d at 409 (finding it "proper . . . to treat [a rule 19 motion for joinder] as a request to intervene pursuant to Fed. R. Civ. P. 24").

The Federal Rules of Civil Procedure provide for two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. P. 24. A movant may intervene as a matter of right if

---

[1] Of course, this Court can always address the issue *sua sponte*. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *see also Moore v. Comfed Sav. Bank*, 908 F.2d 834, 838 (11th Cir. 1990) (noting that joinder may be accomplished "*sua sponte* by the court").

(1) the movant "is given an unconditional right to intervene by a federal statute," or (2) the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Mr. Bellinger has not identified (nor is this Court aware of) any federal statute giving him an unconditional right to intervene. *See* ECF No. 9. Nor is Mr. Bellinger so situated that disposing of this case will impair or impede his ability to protect his stated interest. Indeed, Mr. Bellinger is free to file his own, independent action for monetary damages.[2] Accordingly, Mr. Bellinger is not entitled to intervention of right.

---

[2] Given that he is no longer an "FDOC prisoner," Mr. Bellinger does not fall within the proposed class. *See supra* p. 1 (citing ECF No. 1, at 19). As such, anything that happens in this case would not be binding on him. *See Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011) ("A court's judgment binds only the parties to a suit, subject to a handful of discrete and limited exceptions."). Even if the class definition is later modified to include *former* FDOC prisoners, Mr. Bellinger can still pursue his own, independent action for monetary damages. *See, e.g.*, *Fortner v. Thomas*, 983 F.2d 1024, 1031 (11th Cir. 1993) ("It is clear that a prisoner's claim for monetary damages or other particularized relief is not barred if the class representative sought only declaratory and injunctive relief, even if the prisoner is a member of a pending class action.").

The question then becomes whether this Court should exercise its discretion[3] to grant Mr. Bellinger permissive intervention. This Court declines to exercise that discretion because it finds that it would be improper for Mr. Bellinger to intervene. Plaintiff likely did not raise a claim for monetary damages because he wanted to ensure sustainability of the class. *Cf., e.g.. Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1366 ("These claims will involve extensive individualized inquiries on the issues of injury and damages—so much so that a class action is not sustainable."), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

**In short, Mr. Bellinger, if you want to sue Defendant (and/or other parties) for monetary damages, you must do so separately from this case.[4]**

---

[3] "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

[4] Hopefully this is clear enough for Mr. Bellinger. If he continues to submit filings on the issue of monetary damages, then this Court may have to direct the Clerk to reject any future filings from Mr. Bellinger in this case.

Accordingly,

**IT IS ORDERED:**

Mr. Bellinger's motion to join, ECF No. 9, which this Court construes as a motion to intervene, is **DENIED**.

**SO ORDERED on February 28, 2019.**

> **s/Mark E. Walker**
> **Chief United States District Judge**

5