IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM DEMLER,

    Plaintiff,

v.                                  CASE NO. 4:19cv94-RH-GRJ

MARK S. INCH,

    Defendant.

_____/

**ORDER DENYING THE MOTION FOR
A MORE DEFINITE STATEMENT**

    The defendant has moved for a more definite statement. The plaintiff has not responded, and the deadline for a response has passed. The plaintiff should take note: Local Rule 7.1 is mandatory, not advisory. The plaintiff should respond to future motions as required by the rule.

    The complaint alleges that representations were made to the plaintiff and that the defendant should be required to honor the representations. The defendant's motion identifies information the plaintiff should be required to provide—the source and content of the representations. If representations were made as alleged,

the plaintiff knew it at the time and should be required to promptly disclose to the defendant in this litigation everything the plaintiff knows about the representations.

The best way to accomplish that is through interrogatories, not a more definite statement or amended pleading. Interrogatories will allow a more-focused inquiry, will provide the defendant more flexibility in ferreting out needed information, and will provide a more suitable method for supplementation if, during the course of the litigation, the plaintiff learns information that he does not currently know—for example, the source and content of representations to other prisoners. The plaintiff should expect to provide complete and timely responses to interrogatories asking the source and content of the alleged representations.

In adopting this approach, I have not overlooked the defendant's suggestion that he needs the information at issue to frame a motion to dismiss for failure to state a claim or for failure to join an indispensable party. Dismissal would not be appropriate on these grounds, regardless of the requested information.

First, to survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Here, even if the representations at issue were

made by a vendor, not by the Department itself, it is not implausible to assert the Department in effect sponsored or is responsible for the representations. On this, as on many issues, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

Second, a plaintiff may choose to sue a person or entity who violates the Constitution without joining all others who participated in the violation. If a vendor made any representations at issue, that does not make the vendor a required party.

For these reasons,

IT IS ORDERED:

1. The motion for a more definite statement, ECF No. 16, is denied.

2. The defendant must file an answer by May 20, 2019.

SO ORDERED on May 3, 2019.

s/Robert L. Hinkle<br>United States District Judge