IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM DEMLER,

    Plaintiff,

v.                                        CASE NO. 4:19cv94-RH-GRJ

MARK S. INCH,

    Defendant.

_____/

## ORDER DENYING THE MOTION TO DISMISS

The plaintiff is a prisoner who asserts that, unless enjoined, the Department of Corrections will soon deny him and other prisoners the ability to listen to music they bought and the Department said they would be able to continue to use throughout their periods of incarceration. The defendant Secretary of the Department responded to the complaint by filing a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). The order of May 3, 2109 denied the motion. The Secretary now has moved to dismiss the complaint for improper venue, lack of subject-matter jurisdiction, failure to state a claim, and failure to join a required party. The supporting memorandum also asserts the complaint should be dismissed for failure to exhaust administrative remedies.

Under the plain language of Rule 12(h)(1)(A), the Secretary waived the venue defense by failing to include it in the motion for a more definite statement. *See* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. Apr. 2019 update). The Secretary did not waive the defenses of failure to state a claim and failure to join a required party, but Rule 12(g)(2) prohibits the Secretary from filing a second Rule 12 motion raising those defenses, except as allowed by Rule 12(h)(2) or (3).

Rule 12(h)(3) allows a motion to dismiss for lack of subject-matter jurisdiction, but here the Secretary's motion is unfounded; this is a colorable claim arising under federal law over which the court has subject-matter jurisdiction. Rules 12(h)(2) and (3) do not allow a party to move to dismiss for failure to state a claim or failure to join a required party after having omitted the defense from a first Rule 12 motion responding to the same pleading. In any event, here the complaint states a claim and does not fail to join a required party.

At least under an unpublished Eleventh Circuit decision, the Secretary waived the exhaustion defense by failing to include it in the first Rule 12 motion. *See Brooks v. Warden*, 706 F. App'x 965, 968-70 (11th Cir. 2017). In any event, the plaintiff apparently exhausted his remedies under the Department of Corrections' grievance process. The Secretary has not asserted the contrary. Instead, the Secretary asserts the plaintiff should have filed a petition to amend the

rule allowing the Department to deprive the plaintiff of his music. The assertion is unfounded. A prisoner must exhaust the remedies available under the grievance process, but a prisoner need not initiate a rulemaking proceeding. *See, e.g.*, *Torres v. Fla. Dep't of Corr.*, No. 4:15cv464-RH-CAS (N.D. Fla. Sept. 11, 2017), *aff'd on other grounds*, 742 F. App'x 403 (11th Cir. 2018).

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 31, is denied.

SO ORDERED on May 30, 2019.

                                       s/Robert L. Hinkle
                                       United States District Judge