# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WILLIAM DEMLER,

    Plaintiff,

v.                                       CASE NO. 4:19cv94-RH-GRJ

MARK S. INCH, in his official capacity
as Secretary of the Florida Department of
Corrections,

    Defendant.

_____/

## ORDER DENYING A PROTECTIVE ORDER
## FOR SCHEDULED DEPOSITIONS

       This is a proposed class action. The order of September 25, 2019 denied class certification, but additional information has become available, and the plaintiff has moved to amend the order denying certification. The motion to amend the order is not yet fully briefed.

       In the meantime, the plaintiff intends to go forward with specific depositions. The plaintiff apparently intends to ask questions relevant not only to his individual claims but also to class issues. The defendant has moved for a

protective order precluding class-related inquiries and to stay the depositions pending a ruling on the motion for a protective order.

This order denies the motion for a protective order on the merits and denies the motion to stay as moot. Questions that the defendant believes relevant only to class certification may be relevant to the plaintiff's individual claims. More importantly, class certification is now an open issue. Indeed, it is likely, though not certain, that a class will be certified. The depositions may go forward on all issues that remain open at that time.

The plaintiff should not, however, read this order to establish open season on the deponents. The scope of discovery, unless further limited by court order, is this:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Under Federal Rules of Civil Procedure 26(c) and 37(a)(5), the court "must" order the party that loses on a motion for a protective order or the party's attorney or both to pay the opposing party's reasonable expenses, including attorney's fees, with three exceptions. First, a moving party cannot recover expenses if the party

filed the motion before attempting in good faith to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(5)(A)(i). Second, an award is improper if the losing party's position was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). And third, an award is improper if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here the defendant's position was substantially justified, and an award of expenses would be unjust. This order does not award attorney's fees.

IT IS ORDERED:

The motion to stay and for a protective order, ECF No. 84, is denied.

SO ORDERED on December 2, 2019.

                                         s/Robert L. Hinkle
                                         United States District Judge