IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM DEMLER,

       Plaintiff,

v.                                    CASE NO.  4:19cv94-RH-GRJ

MARK S. INCH, in his official capacity
as Secretary of the Florida Department of
Corrections,

       Defendant.

_____/


## ORDER TO PRESERVE EVIDENCE


The defendant has moved for an order requiring the plaintiff to preserve

evidence, specifically the MP3 player and its contents that are at issue in this

litigation. The plaintiff already has an obligation to preserve the evidence. And

destruction, if it occurred, would more likely help the defendant than the plaintiff.

The willful destruction of evidence allows an adverse inference, and experience

teaches that destroying evidence is usually worse for the party who destroys it than

the evidence itself would have been.

In any event, the plaintiff apparently has agreed to allow the defendant to

inspect the MP3 player in the plaintiff's presence. Neither side wishes to delete

information or otherwise alter the player. This order requires the parties to

cooperate to allow inspection and nondestructive testing of the MP3 player and

prohibits destructive testing except with the other side's consent or a court order.

This is the kind of thing that attorneys working in good faith should be able to

work out.

Under Federal Rule of Civil Procedure 37(a)(5)(A) and (B), the court "must"

order the party that loses a discovery motion or the party's attorney or both to pay

the opposing party's reasonable expenses, including attorney's fees, with three

exceptions. First, a moving party cannot recover expenses if the party filed the

motion before attempting in good faith to obtain the discovery without court

action. Second, an award is improper if the losing party's position was

"substantially justified." And third, an award is improper if "other circumstances

make an award of expenses unjust." Unless one of these conditions is met, an

award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154,

1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013,

1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it

results from a "genuine dispute, or if reasonable people could differ as to the

appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565

(1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at

1163.

Here each side's position was substantially justified in part, and an award of

expenses would be unjust. This order does not award attorney's fees to either side.

IT IS ORDERED:

The defendant's motion for an order requiring the plaintiff to preserve

evidence, ECF No. 92, is granted in part. The parties must cooperate to allow

inspection and nondestructive testing of the MP3 player. No party may engage in

destructive testing except with the other side's consent or a court order. This order

does not relieve any party of its preexisting duty to preserve evidence.

SO ORDERED on December 31, 2019.

s/Robert L. Hinkle
United States District Judge