IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM DEMLER, individually,
and on behalf of all others similarly situated,

v.					CASE NO. 4:19-cv-00094-RH/GRJ

MARK S. INCH, in his official capacity as
Secretary of the Florida Department of
Corrections,

    Defendant.
_____/

### AFFIDAVIT

STATE OF FLORIDA
COUNTY OF LEON

    BEFORE ME, the undersigned authority, personally appeared John G. Bryant III, who was sworn and says under penalty of perjury that the following allegations are true and correct and made on personal knowledge and that the Affiant is over the age of 18 and is competent to testify to the matters stated:

1) My name is John G. Bryant III. I am the Operations Manager - C for the Bureau of Contract Management and Monitoring for the Florida Department of Corrections (hereinafter "DOC"). In that capacity, I have personal knowledge as to the matters set forth below.

2) At no time material to this matter did DOC author, prepare, draft, compose or create any of the advertisements, order forms, user guide, and/or written materials that are referenced in the Complaint that has been filed in this matter. All of the written materials referenced by Plaintiff in the Complaint were authored, prepared, drafted, composed and/or created by Access Corrections or Keefe Commissary Network LLC.

3) DOC's only involvement with the advertisements and order forms at issue prior to their posting at institutions was strictly to review them for security related issues that pertained to the security of the institutions and not for content other than exclusively and specifically for accuracy of pricing.

4) At no time did DOC make any representations or promises alleged or contained in any of the written materials referenced in the Complaint.

5) At no time during the existence of the Access Corrections Digital Music Player Program did DOC ever make any representations or promises of any kind to any inmate, including but not limited to promises or representations that an inmate would "own" purchased music, that they

would "own" it forever, or that they would acquire any form of ownership of the purchased music, as a result of purchasing any music through the program.

6) At no time during the existence of the Access Corrections Digital Music Player Program did DOC ever make any representations or promises to any inmate, including but not limited to William Demler, that an inmate would be able to use his purchased digital music for any specified length of time, during the inmates' entire length of incarceration, or during the entire time an inmate was incarcerated.

7) At no time during William Demler's incarceration and during the existence of the Digital Music Player Program do I have knowledge that DOC ever employed a female Sergeant by the name of "Jackson" who "worked" in his dorm. Nor would any Sergeant "working" in a dorm ever tell Mr. Demler, or any other inmate, that he/they would "own" any purchased music "forever" or otherwise.

FURTHER, AFFIANT SAYETH NOT.

_____
JOHN G. BRYANT III

## NOTARY

Before me, personally appeared John G. Bryant III, who is personally known to me or produced valid identification. Sworn to and subscribed before me this 28 day of February, 2018.

_____
NOTARY PUBLIC
STATE OF FLORIDA



HAILEY MCREE
MY COMMISSION # FF 989755
EXPIRES May 8, 2020
Bonded Thru Budget Notary Services

Print, Type or Stamp
Commissioned Name of Notary Public

Personally Known ✓ OR Produced Identification ___

Type of Identification Produced _____