IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM DEMLER,

    Plaintiff,

v.                                                    CASE NO. 4:19cv94-RH-GRJ

MARK S. INCH,

    Defendant.

_____/

## ORDER CERTIFYING A CLASS

The plaintiffs in this proposed class action are prisoners in the Florida Department of Corrections. They assert the Department violated the Constitution by terminating a program under which prisoners acquired music and could listen to it on personal MP3 players. The defendant is the Secretary of the Department in his official capacity.

At a hearing on April 15, 2020, the parties announced that they have reached a settlement agreement, contingent upon certification of a class for settlement purposes and, in due course, court approval of the settlement. The parties intend to file a motion for approval of the settlement after certification of a class.

A class may be certified for settlement purposes only when a class could be certified anyway, without a settlement, with this exception: case-management issues that would interfere with contested proceedings—but not with implementation of a settlement—are not disqualifying, even if they otherwise would be. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

Before certifying a class, a court must conduct a "rigorous analysis" under Federal Rule of Civil Procedure 23. *See, e.g.*, *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). The factual record, as opposed to "sheer speculation," must demonstrate that each Rule 23 requirement has been met. *Vega*, 564 F.3d at 1267. The class must satisfy all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *See, e.g.*, *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997).

The party who moves to certify a class has the burden of establishing that the Rule 23 elements are met. *Vega*, 564 F.3d at 1265. The Rule 23(a) elements are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1190 (11th Cir.

2009) (*quoting Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003)).

The numerosity element requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[W]hile there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). "[A] plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983).

The plaintiffs' proposed class consists of prisoners who bought more than 75 songs through the now-abandoned MP3 program. Prisoners who bought 75 or fewer songs have suffered no loss; the Department's replacement program includes credits that will allow those prisoners to replace the songs without cost. The record shows that 11,418 prisoners bought the requisite number of songs. Some have been released, but the number of class members is in the thousands—more than enough.

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The action "must involve issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). A common contention must be "capable of classwide resolution" such

that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

"What matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350 (emphasis in original) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)).

This case meets this requirement. The plaintiffs' claims and the defendant's defenses turn almost entirely on common questions with common answers. There may be minor factual difference from one member of the class to another: some are serving life, others terms of years; some had songs only on a personal MP3 player, while others exceeded the MP3 player's capacity and had additional songs stored by the vendor. If these distinctions ultimately matter at all, it will be at the margins; the most important issues are common. And even these distinctions can be addressed through common answers.

The typicality element requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The plaintiffs must "possess the same interest and suffer the same injury as the class members." *Dukes*, 564 U.S. at 348-49 (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). The analysis here is

similar to commonality. *See Prado-Steinman v. Bush*, 221 F.3d 1266, 1278-79 (11th Cir. 2000).

This case meets this requirement. The named plaintiffs bought more than the required number of songs and remain in the custody of the Department of Corrections. Their claims are typical of the claims of class members.

The final Rule 23(a) requirement is that the class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This encompasses two separate inquiries: whether any substantial conflicts of interest exist between the representative and the class, and whether the representative will adequately prosecute the action. *See, e.g.*, *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Class counsel also must be adequate. *See* Fed. R. Civ. P. 23(g).

The plaintiff William Demler's history would make him an inadequate single representative. *See* Order of Sept. 25, 2019, ECF No. 64. But the other two plaintiffs, Michael Gisi and Wayne Pula, are adequate, and Mr. Demler can adequately serve as a third class representative. The plaintiffs' attorneys are adequate class counsel. The adequacy requirement is satisfied.

In sum, the plaintiffs have met the four Rule 23(a) prerequisites to class certification.

Having done so, the plaintiffs must also meet one of the requirements of Rule 23(b). Under Rule 23(b)(2), class treatment is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

This case presents the very paradigm of a proper (b)(2) class. The party opposing the class—the Secretary on behalf of the Department of Corrections—has refused to allow the class members to retain their access to songs under the prior program and has refused to pay the class members or provide them access to the same number of songs under the new program. If, as the plaintiffs claim, this is unconstitutional, injunctive or declaratory relief will be appropriate respecting the class as a whole.

For these reasons,

IT IS ORDERED:

1. The plaintiffs' motion to reconsider, ECF No. 105, is granted in part.

2. A class is certified consisting of all current Florida Department of Corrections prisoners whose digital media files were taken, or will be taken, pursuant to the Department's termination of the MP3 program, and who purchased more than 75 songs through that program.

3. The named plaintiffs William Demler, Michael Gisi, and Wayne Pula are the class representatives.

4. Class counsel are Dante P. Trevisani and Ray Taseff of the Florida Justice Institute and Shawn Heller and Joshua Glickman of the Social Justice Law Collective.

5. All deadlines that had not passed as of April 15, 2020, are extended 35 days. The trial is continued to a date that will be set if a settlement is not approved.

6. The parties must file by May 14, 2020 a motion for preliminary approval of their settlement. If they fail to do so, the case will be restored to the trial calendar, with adequate advance notice.

SO ORDERED on April 16, 2020.

s/Robert L. Hinkle
United States District Judge