## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### Tallahassee Division

WILLIAM DEMLER, MICHAEL GISI and
WAYNE PULA, individually, and on behalf
of all others similarly situated,

      Plaintiffs,

vs.                                     Case No. 4:19-cv-00094-RH/GRJ

MARK S. INCH, in his official capacity as
Secretary of the Florida Department of
Corrections,

      Defendant.

_____/

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

This matter is before the Court on the Parties' Joint Motion for Preliminary

Approval of Class Action Settlement and incorporated Memorandum of Law ("Joint

Motion"). After reviewing and considering the Joint Motion and the proposed Class

Action Settlement Agreement ("Agreement"), the Court orders as follows:

1.    The Agreement has been reached on behalf of the following Class,

which has been certified by the Court pursuant to Rule 23(b)(2), Federal Rules of

Civil Procedure (ECF No. 163):

> All current Florida Department of Corrections prisoners whose
> digital media files were taken, or will be taken, pursuant to the
> Department's termination of the MP3 program (the "Digital Music
> Player Program"), and who purchased more than 75 songs through
> that program.

1

2.     The Court previously found that this class certification is appropriate because (a) the Class is so numerous that joinder of all members is impractical; (b) there are common questions of law and fact that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the class; (d) Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; and (e) class treatment is appropriate where, as here, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

3.     The Court now finds that the settlement of this action, as embodied in the terms of the Agreement, is preliminarily approved under Federal Rule of Civil Procedure 23(e). The Court finds that the terms of the Agreement were the result of substantial discovery, were the product of arm's length negotiations between experienced counsel, and are fair, reasonable, and adequate and well within the range of reasonableness for preliminary settlement approval.

4.     The Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as the order of this Court.

5.     The Agreement provides that members of the Class be given notice of the pendency of this action and the proposed settlement by posting the Notice of

Proposed Settlement (attached to the Agreement as Exhibit C) in a prominent area in every dormitory and law library of every FDOC institution for 60 days, providing a copy of the Notice individually to any inmate who is not housed in a common dormitory setting, and publishing copies of the Notice on the FDOC's public website, in a publication or publications of FDOC's choosing that is/are made available to FDOC inmates, and, if technologically feasible to do so, on the currently permitted JPay Tablets in standard and accessible formats for Class members with disabilities. The Notice is to be posted, provided, and published in English and Spanish. The Court finds that the notice provisions in the Agreement, including the Notice of Proposed Settlement are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they satisfy the requirements of due process and Federal Rule of Civil Procedure 23. The Notice of Proposed Settlement is thus approved and adopted. The Court orders that the parties provide the specified notice to the Class within fourteen (14) days following entry of this Order.

6.    In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, Defendant shall serve written notice of the proposed settlement on the U.S. Attorney General and the Attorney General of Florida.

7.    All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.

8.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

9.     Any Class member who wishes to submit a Statement of Objection or Comment and/or Notice of Intention to Appear shall file such a Statement and/or Notice with this Court before <u>August 18, 2020</u>, or be forever barred from objecting to or commenting on the settlement.

10.    The Final Fairness Hearing, identified in the Notice of Proposed Settlement, is scheduled for <u>August 25, 2020</u>, and will be conducted telephonically. At the final hearing, the Court will determine whether the Settlement Agreement is fair, reasonable, and adequate and should be approved.

SO ORDERED on May 26, 2020.

s/Robert L. Hinkle
United States District Judge