UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

WILLIAM DEMLER and MICHAEL GISI,
individually, and on behalf of all others similarly situated, and
WAYNE PULA, individually,

    Plaintiffs,

vs.   Case No. 4:19-cv-00094-RH/GRJ

MARK S. INCH, in his official capacity as
Secretary of the Florida Department of
Corrections,

    Defendant.
_____/

**JOINT MOTION FOR AMENDMENT OF CLASS DEFINITION,
APPROVAL OF SUPPLEMENTAL NOTICE, AND TO
RESCHEDULE THE FINAL FAIRNESS HEARING**

Plaintiffs, William Demler and Michael Gisi, individually and on behalf of the Class, and Defendant Mark S. Inch, in his official capacity as Secretary of the Florida Department of Corrections ("FDOC") (collectively the "Parties"), hereby move the Court for entry of an order amending the class definition to replace the number "75" with "100," approving the issuance of a supplemental notice, extending all remaining deadlines by 90 days, and rescheduling the final approval hearing in accordance with the new deadlines. In support thereof, the Parties state as follows:

1

At the time the Class was certified, FDOC had directed its vendor to issue 75 Tablet Media Credits to all prisoners who participated in the Digital Media Player Program.  The Court had previously found that, as a result of the issuance of these 75 Tablet Media Credits "[p]risoners who bought 75 or fewer songs have suffered no loss; the Department's replacement program includes credits that will allow those prisoners to replace the songs without cost."  Thus, Plaintiffs requested, and the Court certified, a Class with the following Class Definition:

> All current Florida Department of Corrections prisoners whose digital media files were taken, or will be taken, pursuant to the Department's termination of the MP3 program (the "Digital Music Player Program"), and who purchased more than 75 songs through that program.

After certification, but before any Settlement Credits were issued, FDOC directed its vendor to issue an additional 25 Tablet Media Credits to all currently incarcerated prisoners who had participated in the Digital Music Player Program, in accordance with a previously established schedule.  Thus, all currently incarcerated prisoners who had participated in the Digital Music Player Program should have now received, or should receive through the supplemental notice procedures described herein, a total of 100 Media Credits.

To account for this, the Parties are jointly requesting that the class definition be modified so that the number "75," be replaced with "100" because, now, those who had purchased between 76 and 100 songs have, according to the Court's prior finding, "suffered no loss; the Department's replacement program includes credits

2

that will allow those prisoners to replace the songs without cost." As such, in conformity with this Court's Order, the Parties submit that currently incarcerated prisoners who purchased between 76 and 100 songs in the Digital Music Player Program should no longer be part of the Class. If the Court grants this request, these prisoners will not be prejudiced for the aforementioned reasons, and because they will not otherwise be releasing their claims, as they will not be part of the Class.

If this Court grants this joint request, the Parties further submit that a supplemental notice will be necessary to inform the Class of this change. Since preliminary approval of the settlement, pursuant to the Settlement Agreement and in conformity with the Order Preliminarily Approving Settlement and Authorizing Notice to the Settlement Case, ECF No. 170, Notice was given in the manner directed by the Court. Similarly, the initial, first round of settlement credit distribution of one Tablet Media Credit for every song over 100 previously purchased under the Digital Music Player Program has been requested by FDOC and should be distributed by the time of this filing, or shortly thereafter.

However, after the posting of the Notice, a number of prisoners wrote to Class Counsel and filed documents with the Court indicating one of two potential problems: 1) they were not on the list containing the names of the Class members that was filed with the Court, despite purportedly meeting the Class Definition, and

3

2) they did not, but should have, received the 100 Tablet Media Credits that FDOC had previously directed its vendor to distribute.  Upon joint investigation by Defendant and Class Counsel, it was determined that an unknown but manageable number of Class members were inadvertently omitted from the list filed with the Court and also that some members of the Class had mistakenly not received the 100 Tablet Media Credits previously distributed by FDOC.  Defendant has confirmed that although it is able to confirm through its vendors whether additional prisoners meet the Class definition and whether they received the 100 Tablet Media Credits, given the recordkeeping of its vendor, the only way to discover potential class members in this situation is to check their names and DC numbers individually.

As noted above, pursuant to the Settlement Agreement, an initial distribution of Settlement Credits has been requested by FDOC and should be distributed to the Class by the time of this filing, or shortly thereafter.  No further distributions have been made at this point.  However, the Parties jointly represent to the Court that the Settlement Credits remaining after the first distribution will be sufficient to provide the requisite number of Tablet Media Credits to those Class Members who were inadvertently omitted from the list, once those Class Members are identified.

Thus, in order to identify both the Class Members who were omitted from the original class list, as well as those who did not receive the initial provision of

100 Tablet Media Credits by the FDOC, the Parties jointly request that a Supplemental Notice, attached hereto as Exhibit 1, be made in the same manner as the initial notice (i.e., posted in all prisons and emailed to all prisoners' tablets). The proposed Supplemental Notice states that, if anyone believes they meet the Class Definition but either 1) did not receive the initial distribution of Settlement Credits or 2) did not receive the previously distributed 100 Tablet Media Credits from the FDOC, they should write a letter to Class Counsel's agent, which must be postmarked within thirty days of the Supplemental Notice Date.

Class Counsel will then compile the names and provide them to the FDOC, who will check them with its vendors to determine whether they meet the Class Definition and/or did not receive the previously distributed 100 media credits. This process will provide the Parties with the necessary information needed to fully comply with the Settlement Agreement, and is the only feasible method of identifying the individuals who were not on the original class list and/or did not receive the previously distributed 100 credits.

The FDOC will then ensure that any Class Member who did not receive all or some of the previously distributed 100 Tablet Media Credits is furnished with those Tablet Media Credits, which, since such distribution was authorized and should have been effectuated by FDOC prior to, and independent of, the Parties' settlement, will not act to reduce the number of Settlement Credits, and will ensure

that any newly discovered person meeting the Class Definition is properly added to the list of Class Members.

The FDOC will then ensure that a second distribution of credits (one credit per every song purchased over 100) is made to the newly discovered Class members, and those Tablet Media Credits will be deducted from the Settlement Credits. A report detailing this process will be created and furnished to the Court for review in advance of final approval. After final approval, if there are remaining Settlement Credits after the first and second distributions, a final *pro rata* distribution will be made.

If this Motion is granted, the Parties propose that the Supplemental Notice be made within three business days of an Order granting this Motion, in the same manner as the original Notice.

WHEREFORE, the Parties jointly request the Court's entry of an Order amending the Class definition to replace the number "75" with "100," approving the issuance of supplemental notice in the form attached as Exhibit 1, extending all remaining deadlines by 90 days, and rescheduling the final approval hearing in accordance with the new deadlines.

**Certificate of Word Limit.** Pursuant to N.D. Fla. Local Rule 7.1(F), this motion contains 1,293 words.

Respectfully submitted this 13th day of July, 2020.

        Dante P. Trevisani, Esq.
        Fla. Bar No. 72912
        *DTrevisani@FloridaJusticeInstitute.org*
        Ray Taseff, Esq.
        Fla. Bar No. 352500
        *RTaseff@FloridaJusticeInstitute.org*

        FLORIDA JUSTICE INSTITUTE, INC.
        3750 Miami Tower
        100 S.E. Second Street
        Miami, Florida 33131
        Tel:  305.358.2081
        Fax:  305.358.0910

        Shawn A. Heller, Esq.
        Florida Bar No. 46346
        shawn@sjlawcollective.com
        Joshua A. Glickman, Esq.
        Florida Bar No. 43994
        josh@sjlcollective.com

        Social Justice Law Collective, PL
        974 Howard Avenue
        Dunedin, Florida 34698
        Tel:  202-709-5744

        ***Attorneys for the Plaintiffs***

        By:  *s/Joshua A. Glickman*
              Joshua A. Glickman, Esq.


        ASHLEY MOODY
        ATTORNEY GENERAL

        */s/ Miguel A. Olivella, Jr.*
        MIGUEL A. OLIVELLA, JR.

Senior Assistant Attorney General
Fla. Bar No. 253723
Office of the Attorney General
Complex Civil Litigation Division
The Capitol - PL 01
Tallahassee, FL 32399-1050
(850) 414-3817
Miguel.Olivella@myfloridalegal.com
***Attorney for Defendant***
***Mark S. Inch***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today, July 13th, 2020, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered to receive electronic notifications for this case, including all opposing counsel.

By: *s/Joshua A. Glickman*
   Joshua A. Glickman, Esq.

8