**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

WILLIAM DEMLER and MICHAEL GISI,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.                                CASE NO.  4:19cv94-RH-GRJ

MARK S. INCH, in his official
capacity as Secretary of the Florida
Department of Corrections,

       Defendant.
_____/

**<u>FINAL APPROVAL ORDER</u>**

This matter coming before the Court on the Parties' Joint Motion for Final

Approval of the Class Action Settlement, due notice given, the Parties appearing

through counsel, and the Court fully advised in the premises, IT IS HEREBY

ORDERED:

1. This Court has jurisdiction over Plaintiffs, William Demler and Michael Gisi

   ("Plaintiffs"), Defendant, each of their counsel, the members of the

   Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), the settlement

   of this action, as embodied in the terms of the Settlement Agreement (ECF

No. 956-1) is hereby finally approved as a fair, reasonable, and adequate settlement of this case, and in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations presented in this case.

3.  The "Settlement Class" is defined as follows:

    All current Florida Department of Corrections prisoners whose digital media files were taken, or will be taken, pursuant to the Department's termination of the MP3 program (the "Digital Music Player Program"), and who purchased more than 100 songs through that program.

4.  The Court finds that the Class Notices that were given to members of the Settlement Class in this action constituted the best notice practicable under the circumstances, was reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object to or comment on the settlement, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

5.  The Court finds that written notice was given by Defendant to the U.S. Attorney General and the Attorney General of Florida in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

6.  Roughly 690 timely and 5 untimely objections were received.  All have been considered and are overruled for the reasons stated at the Final Fairness Hearing and in a separate order being entered simultaneously with this order.

7.  The Court finds that the Settlement is fair, adequate, and reasonable, after due consideration of the uncertainty of the class's success on the merits of the claims; the complexity, expense and duration of the litigation; the state of proceedings at which the settlement was achieved and extent of discovery completed; the written submissions, affidavits, and arguments of counsel; the notice; and the hearing. Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including all members of the Settlement Class. Each member of the Settlement Class, including any person or entity claiming by or through him, her, or it, shall be bound by the Settlement Agreement, including being subject to the release set forth in said Settlement Agreement.

8.  Defendant has agreed to make the Settlement Credits (i.e., 3.9 million Tablet Media Credits) available to the Settlement Class. These Settlement Credits have supplemented the 100 Tablet Media Credits that had been previously issued pursuant to the FDOC's contractual arrangement, and one Tablet Media Credit was issued from the Settlement Credits to each member of the Settlement Class for each song in excess of 100 purchased under the Digital Music Player Program for a total Tablet Media Credits not to exceed 3,900,000, as a result of the Parties' Agreement. To the extent there were Settlement Credits remaining after the first two distributions, those Tablet

Media Credits were distributed among all Class members on a pro rata basis based on the number of songs purchased under the Digital Music Player Program.

9. The Court approves Class Counsel's attorneys' fees, costs, and expenses in the total amount of $150,000. The fee that would ordinarily and reasonably be charged in this district for work of this quality achieving this level of success, taking into account all the factors properly considered in determining a reasonable attorney's fee, would greatly exceed this amount. *See In re Home Depot Inc.*, 931 F.3d 1065, 1089-91 (11th Cir. 2019); *see also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (explaining the lodestar method); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974) (laying out the *Johnson* factors that may be considered to adjust the lodestar). The fee was separately negotiated at arm's length with the defendant and will not reduce the recovery for the class. This amount shall be paid separately from any relief provided to the Settlement Class, pursuant to the Parties' Agreement.

10. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall

carry out their respective obligations as agreed upon in the Settlement Agreement.

11. This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiffs and all Settlement Class members against Defendant, are hereby dismissed with prejudice.

12. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through the class member brought in this Court or any other forum are barred pursuant to the releases set forth in the Settlement Agreement. All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendant in this Court or in any other court or forum, asserting any claims that are being settled or released herein.

13. The Court retains continuing jurisdiction over this action, Plaintiffs and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to,

their administration, implementation, interpretation, or enforcement. The

Court further retains jurisdiction to enforce this Order.

SO ORDERED on December 10, 2020.

s/Robert L. Hinkle
United States District Judge